UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOHN PHALEN and DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

    Plaintiffs,

  v.                 Case No. 06-CV-1145

CITY OF MILWAUKEE,
POLICE OFFICER DANIEL CULVER,
POLICE OFFICER STEVEN MOON,
POLICE OFFICER R. RUNGERT, and
POLICE OFFICER PALMINTIER,

    Defendants.
_____

## ORDER

  The plaintiffs filed their complaint in this action on October 6, 2006, in the Circuit Court of Milwaukee County, alleging that City of Milwaukee police officers used excessive force against plaintiff John Phalen. On November 3, 2006, the defendants removed this action pursuant to 28 U.S.C. § 1441(a) and (b). Pursuant to the February 21, 2007 scheduling order, discovery closed on September 15, 2007, and dispositive motions were due on November 1, 2007. Pursuant to a stipulation of the parties, all claims raised by plaintiffs, except for the Fourth Amendment excessive force claim, were dismissed in an order dated December 5, 2007. The case will be scheduled for a jury trial on the excessive force claim in a separate order issued today.

  On November 21, 2007, the plaintiffs filed a motion to amend their complaint to change the names of defendants Police Officers Rungert and Palmintier to the full

and correct names of these defendants, Rick Bungert and Jeanette Parmentier. The plaintiffs state that these police officers' full and correct names were unknown to them at the time they filed the original complaint, but the full and correct names were obtained through discovery.

The defendants oppose the plaintiffs' motion and moved to strike an amended complaint filed by the plaintiffs without court approval on October 25, 2007. The defendants assert that the motion to amend and amended complaint are untimely. The defendants note that more than 120 days have passed since this case was filed, and neither Officer Rick Bungert nor Officer Jeanette Parmentier have been served. Therefore, the defendants assert, the court lacks jurisdiction over their persons. *See* Fed. R. Civ. P. Rule 4(m). Finally, the defendants assert that it would be unfair and prejudicial to add new defendants after discovery has closed and the case is ready for trial. The plaintiffs did not respond to the defendants' arguments raised against their motion to amend.

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court described the factors that courts should weigh when ruling on motions to amend pleadings.

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

Although delay in itself does not constitute a sufficient basis for denying a motion to amend, the longer the delay, the greater the presumption against granting leave to amend. *See Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992). Here, although the plaintiffs state that they only learned the full and correct names of the police officers through discovery, they provide no reason for why they delayed in filing the motion to amend. Indeed, the plaintiffs filed their motion to amend approximately one year after filing their original complaint, two months after the close of discovery, and two weeks after the dispositive motion deadline. In addition, the plaintiffs do not specify when they learned the police officers' full and correct names, or indicate why they could not have obtained the names at an earlier date. The plaintiffs do not contend that their inability to learn the full and correct names of the police officers was due to any resistance or concealment by the defendants. Furthermore, the court concludes that any new defendants would be unduly prejudiced if the plaintiffs were allowed to amend their complaint after the discovery and dispositive motion deadlines have expired. Finally, the plaintiffs did not respond to the defendants' objections to their amended complaint. In light of the foregoing, the court will deny the plaintiffs' motion to amend their complaint, and will grant the defendants' motion to strike the plaintiffs' amended complaint.

Accordingly,

**IT IS ORDERED** that the defendants' motion to strike the amended complaint (Docket #19) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiffs' motion for leave to file an amended complaint (Docket #22) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge